UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON HERNANDEZ PERENIA, | No. 1:26-cv-2806 TLN CSK |
| Petitioner, | A # 241-857-023 |
| v. | |
| MARKWAYNE MULLIN, et al., | **RELEASE ORDER** |
| Respondents. | |

Petitioner, an immigration detainee proceeding through counsel, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]  (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 17, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  (ECF No. 10.)  Respondents filed objections to the findings and recommendations, objecting for the same reasons advanced in their earlier filing.  (ECF No. 11 (referencing ECF No. 7).)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the

---

[1]  On June 18, 2026, the Court issued a minute order granting Petitioner's Habeas Petition and ordering his immediate release.  (ECF No. 12.)  This order explains the Court's reasoning.

1

Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are ADOPTED in full.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 18, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

2